<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ZACHARY GALICKI, et al.,<br><br>           Plaintiffs,<br><br>v.<br><br>STATE OF NEW JERSEY,<br><br>           Defendants. | OPINION<br><br><br>Civil Action No. 14-169 (JLL) |
| GW CAR SERVICE, LLC, et al.,<br><br>           Plaintiffs,<br><br>v.<br><br>STATE OF NEW JERSEY, et al.,<br><br>           Defendants. | |

**LINARES, District Judge.**

This matter comes before the Court by way of the Galicki Plaintiffs' motion to appoint the Law Offices of Rosemarie Arnold as interim class counsel pursuant to Federal Rule of Civil Procedure 23(g) [Entry No. 63], and the GW Car Service Plaintiffs' opposition and cross-motion to appointment the Epstein Law Firm, P.A. as interim class counsel pursuant to Rule 23(g) [Entry No. 65]. The Court has considered both motions. No oral argument was heard. Fed. R. Civ. P. 78. Based on the reasons that follow, the Galicki Plaintiffs' motion to appoint the Law Offices of Rosemarie Arnold as interim class counsel is **denied** and the GW Car Service

1

Plaintiffs' cross-motion to appoint the Epstein Law Firm, P.A. as interim class counsel is **granted**.

## BACKGROUND

The Galicki Plaintiffs and GW Car Service Plaintiffs have filed proposed class action complaints asserting numerous claims sounding in tort as against the State of New Jersey, Governor Christopher ("Chris") Christie, the Port Authority of New York and New Jersey (and several of its employees), and other state officials. Plaintiffs' claims—which are brought on behalf of a putative class (or classes)—arise out of the closure of multiple lanes of traffic to the George Washington Bridge from September 9, 2013 through September 13, 2013.

On August 19, 2014, Magistrate Judge Joseph A. Dickson entered an Opinion and Order granting the Galicki Plaintiffs' unopposed motion to consolidate Civil Action No. 14-169 (the Galicki action) with 14-1319 (the GW Car Service action) and denying, without prejudice, the Galicki Plaintiffs' request for leave to file a consolidated amended pleading. Currently before the Court is the Galicki Plaintiffs' motion to appoint the Law Offices of Rosemarie Arnold as interim class counsel pursuant to Federal Rule of Civil Procedure 23(g) [Entry No. 63], and the GW Car Service Plaintiffs' opposition and cross-motion to appoint the Epstein Law Firm, P.A. as interim class counsel [Entry No. 65].

## LEGAL STANDARD

A court may also "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). In so designating, a Court looks to the factors as set out in Federal Rule of Civil Procedure 23(g)(1)

(A) and (B), namely: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (ii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." *See, e.g., Waudby v. Verizon Wireless Servs., LLC*, 248 F.R.D. 173, 175–76 (D.N.J. 2008); *In re Air Cargo Shipping Servs. Antitrust Litig.,* 240 F.R.D. 56, 57 (E.D.N.Y. 2006). In light of these factors, the Court must decide which candidate is best qualified, holding dispositive no single factor. Fed. R. Civ. P. 23(g)(2)(B).

## DISCUSSION

The Court agrees that appointment of interim class counsel in this matter will promote efficiency and avoid delay in the progress of these consolidated purported class actions.[1] Based on the record before the Court, it appears that the Law Offices of Rosemarie Arnold and The Epstein Law Firm, P.A. each possess the requisite knowledge and resources to adequately and fairly represent the class. Both have expended countless hours in identifying and/or investigating potential claims in the action. Certainly, both have impressive credentials and the underlying qualifications to serve as lead counsel.

Nevertheless, the Court finds that The Epstein Law Firm has made a stronger showing under Rule 23(g)(1)(A)(ii) ("counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action."). In particular, while the Court notes

---

[1] The Court notes that neither the Law Offices of Rosemarie Arnold nor The Epstein Law Firm, P.A. has expressed a willingness to work together as co-interim class counsel in this matter. *See, e.g., In re Google Inc. Cookie Placement Consumer Privacy Litig*., 2012 WL 5833604, at *1 (D. Del. Nov. 16, 2012) ("The court recognizes that the appointment of co-lead counsel may be appropriate where the magnitude of the class action justifies the pooling of resources and experience.").

that the Law Offices of Rosemarie Arnold is highly experienced—and successful—in representing plaintiffs in a variety of personal injury matters, there is no indication from the papers submitted that said law firm has any experience in instituting and/or litigating class actions or mass tort claims.  By contrast, The Epstein Law Firm has experience in representing both plaintiffs and objectors in class actions filed in state and federal courts.  *See, e.g.,* Barry Epstein Cert., ¶¶ 11-15; Michael Epstein Cert., ¶¶ 3-5.  The Epstein Law Firm also has some multidistrict mass tort litigation experience.  *See, e.g.,* Barry Epstein Cert., ¶ 15.  Given that both complaints in this consolidated matter are brought on behalf of putative classes (and subclasses) of individuals and businesses, the Court finds that counsel's experience in handling class actions is a particularly significant factor in the context of this case.

Thus, while three of the four factors set forth in Rule 23(g)(1)(A) would support either group of attorneys, the Court finds that The Epstein Firm's experience in litigating class actions and mass tort claims renders it most qualified to further the interests of all putative class members in this consolidated matter.  *See, e.g., Boggs v. Chesapeake Energy Corp.,* 286 F.R.D. 621, 624 (W.D. Okla. 2012) ("While both KTMC and Zamansky have done excellent work in identifying and investigating potential claims in their respective ERISA actions and have committed and will commit the resources necessary to represent the class, the Court finds KTMC's experience in ERISA class actions and knowledge of the applicable law exceeds that of Zamansky to such a degree that this Court finds that KTMC should be appointed interim class counsel.").  Accordingly, the Court will appoint The Epstein Law Firm as Interim Class Counsel pursuant to Federal Rule of Civil Procedure 23.

## **CONCLUSION**

Based on the reasons set forth above, the Galicki Plaintiffs' motion to appoint the Law Offices of Rosemarie Arnold as interim class counsel is **denied** and the GW Car Service Plaintiffs' cross-motion to appoint the Epstein Law Firm, P.A. as interim class counsel is **granted**.

An appropriate Order accompanies this Opinion.

s/ Jose Linares<br>
Jose L. Linares<br>
United States District Judge

Date:   October 6, 2014