**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ZACHARY GALICKI, *et al.*, | Civil Action No.: 14-169 (JLL) |
| Plaintiffs, | **OPINION** |
| v. | |
| STATE OF NEW JERSEY, *et al.*, | |
| Defendants. | |
| GW CARE SERVICE, LLC, *et al.*, | |
| Plaintiffs, | |
| v. | |
| STATE OF NEW JERSEY, *et al.*, | |
| Defendants. | |

**LINARES**, District Judge.

This matter comes before the Court by way of the United States of America's Motion for Permission to Intervene and For a Stay ("U.S. Mot."). The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court grants the United States' motion in part, and denies it in part.

## BACKGROUND

This action arises out of the closure of multiple lanes of traffic to the George Washington Bridge from September 9, 2013 through September 13, 2013. Plaintiffs bring claims against various defendants for alleged damages related to the closures. Those claims were consolidated and amended ("CAC") on December 19, 2014. In February of 2015, various defendants moved to dismiss the CAC. Upon requests from the parties, decision on the motions to dismiss was

adjourned until June 2015.  On June 29, 2015, this Court dismissed the CAC, certain claims with prejudice and certain without.  (*See* ECF Nos. 123-124.)  Plaintiffs were granted leave to file a Second Consolidated Class Action Amended Complaint to cure the deficiencies in the claims dismissed without prejudice.  (*See id.*)   Plaintiffs filed the amended complaint on August 6, 2015.

On April 23, 2015, a federal grand jury indicted two defendants in this civil case "for their roles in allegedly deliberately causing 'traffic problems in Fort Lee' to punish Fort Lee's mayor." (U.S. Mot. at 1.)  Another defendant in this case, David Wildstein, has "pled guilty for his role in the same scheme and is awaiting sentencing."  (*Id.*)  Because of the criminal case, which is set for trial in March 2016, the United States seeks to intervene in this civil matter, and stay it until completion of the criminal case. (*Id.* at 1-2.)

Plaintiffs oppose the motion at this time, but acknowledge that "a stay may be appropriate when this litigation reaches the discovery phase." (Pls.' Opp'n at 1.)  Defendants State of New Jersey and Michael Drewniak "take no position in response to the motion," and "stand ready to submit a motion to dismiss Plaintiffs' complaint on any schedule the Court may set, whether now or when the United States Attorney no longer seeks to stay this action." (ECF No. 143 at 1-2.)  Defendant William Baroni—one of the individual defendants who has been indicted in this matter—neither opposes nor joins in the motion, and also asserts that he "expects to file a meritorious motion to dismiss." (ECF No. 144 at 1-2.)  No other defendants submitted anything in response to the United States' motion.

## ANALYSIS

As an initial matter, Plaintiffs recognize the United States' right to intervene in the

2

matter, and do not oppose such intervention. (Pls.' Opp'n at 9-10.) Therefore, the United States motion to intervene is granted.

Plaintiffs, however, are opposed to a stay at this time—prior to the completion of the pleadings. (*Id.* at 11.) Plaintiffs further argue that "[b]ecause the parties are likely many months away from engaging in any form of discovery in the absence of a stay and the Government does not assert or even suggest that allowing defendants to respond to plaintiffs' Second Consolidated Class Action Amended Complaint would adversely affect its criminal prosecution, the Government's claim of prejudice is illusory at this juncture." (*Id.* at 12.) Furthermore, while Plaintiffs recognize that a stay may be appropriate prior to discovery, they argue that they will be prejudiced because the civil case will be unnecessarily delayed if completion of the pleading phase must wait until completion of the criminal trial and potentially appeals. (*Id.*)

The crux of the United States' motion is that discovery in this matter should not proceed. Although the United States argues in reply that "an immediate stay would have the added benefit of avoiding the threat of inconsistent judgments if the Court were to resolve motions to dismiss in the Civil Case before issues raised by these motions relating to the criminal charges were fully adjudicated in the Criminal Case" (U.S. Reply at 4) (internal quotations omitted), the United States did not mention motions to dismiss in its moving brief. Aside from this argument being first made in reply, the issue of future motion practice related to dismissing the complaint is particularly relevant here where the Court has already considered the exact same issues raised in the amended complaint and issued rulings on these issues—less than five months ago.

At the time of the indictment of two of the defendants in April 2015, the prior motions to dismiss were pending. The United States did not seek to intervene at that time to stay decision

on those motions.  The United States now has not offered any explanation as to why the Court's consideration of new motions to dismiss addressing the same issues as it has previously addressed (without intervention and objection by the United States) would now prejudice the Government or interfere with the criminal case.

The United States also argues in several places that a stay will benefit Plaintiffs through better development of the facts in the criminal case.  (*See* U.S. Mot. at 10-11, 13; U.S. Reply at 5.)  Regardless of the United States' view, Plaintiffs argue that they believe they will be harmed, not benefitted, by a stay at this time.   Likewise, the United States raises issues regarding the individual defendants that those defendants do not make themselves, and are premature with respect to discovery issues.  In many, if not most, of the cases cited by the United States in its motion (*see* U.S. Mot. at 1-2), it was defendants moving to stay the civil matter, not the governmental body prosecuting them.  Here, defendants have nether made a motion to stay the proceedings or joined in the United States' motion.

The Court is not holding that the United States cannot prevail on a future motion to stay at a different stage of the proceedings (*e.g.*, prior to commencement of discovery).  But, to be successful, the United States must support any such motion with a basis that goes beyond mere recitation of conclusory and broad legal arguments.  The Court is cognizant of the fact that the United States had access to the prior motions to dismiss and this Court's Opinion on those motions.  If the United States believed that potential consideration of those same issues a second time was problematic, it had the ability to make specific arguments for why a stay at this particular moment is appropriate.  It did not do so.

## **CONCLUSION**

For the reasons discussed above, the Court grants the United States' motion to intervene, but denies its motion to stay the proceedings at this time.   The denial of a stay is without prejudice to any future request to stay as the matter proceeds.   An appropriate Order accompanies this Opinion.


DATED: October 26, 2015

_____
JOSE L. LINARES
UNITED STATES DISTRICT JUDGE