**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ZACHARY GALICKI, et al., | : | CIVIL ACTION NO. 14-169 (JLL) |
| Plaintiffs, | : | **O P I N I O N** |
| v. | : | |
| STATE OF NEW JERSEY, et al., | : | |
| Defendants. | : | |
| GW CAR SERVICE, LLC, et al., | : | |
| Plaintiffs, | : | |
| v. | : | |
| STATE OF NEW JERSEY, et al., | : | |
| Defendants. | : | |

**LINARES, Chief District Judge**

In this action, one claim that has been asserted by the plaintiffs against the defendant State of New Jersey remains pending, *i.e.*, a common law civil conspiracy claim based upon a theory of *respondeat superior*. (See ECF No. 127 at 72–75 (the sixth count of the second amended complaint); ECF No. 183 at 39–43, 65 (the relevant portions of this Court's Opinion, entered on September 15, 2016).)

The State now moves pursuant to Federal Rule of Civil Procedure (hereinafter, "Rule") 12(c) for judgment on the pleadings in its favor as to the common law civil conspiracy claim. (See ECF No. 259 through ECF No. 259-2.) The plaintiffs have not filed opposition to the State's motion, even though the plaintiffs: (1) are represented by counsel; and (2) were ordered by the Magistrate Judge to respond by a certain date, which will be discussed herein.

The Court resolves the State's motion for judgment on the pleadings upon a review of the papers and without oral argument. See L.Civ.R. 78.1(b). For the following reasons, the Court grants the State's motion.

## BACKGROUND

The Court presumes that the parties are more than familiar with the factual context and the procedural history of this action, which have been set forth at length in previous Opinions that have been issued by this District Court Judge and by the Magistrate Judge. (See ECF No. 57 at 1–10; ECF No. 66 at 1–5; ECF No. 123 at 1–20; ECF No. 147 at 1–5; ECF No. 183 at 1–66; ECF No. 226 at 1–8.)

## I.    The Common Law Civil Conspiracy Claim Against The State

In the claim at issue, the plaintiffs allege that certain employees of the State "acted in concert to engage in the improper actions and misconduct alleged herein by agreement between them to inflict a wrong or injury against plaintiffs." (ECF No. 127 at 72.) In addition, the plaintiffs allege that the "improper actions and misconduct constitute the tort

of civil conspiracy." (Id. at 75.)  However, as to the alleged liability of the State for this claim, the plaintiffs assert that the "defendant [State of] New Jersey . . . [is] responsible for the individual defendants' actions and misconduct under the doctrine of *respondeat superior*." (Id.)

## II.    Additional Procedural History

One additional procedural matter must be addressed at this juncture.  Soon after the State filed its motion for judgment on the pleadings, the Magistrate Judge conducted a status conference with the parties.  (See unnumbered docket entry following ECF No. 260.)  Upon the completion of that status conference, the Magistrate Judge ordered the following:

> Plaintiffs' deadline to respond to Defendant State of New Jersey's Motion . . . (ECF No. 259) is extended through and including 6/16/17. Defendant State of New Jersey shall file any reply submission on or before 6/26/17.  That motion is now set for 7/3/17 before Judge Jose L. Linares, U.S.D.J.

(ECF No. 261.)

The Magistrate Judge provided the plaintiffs with ample opportunity to file opposition to the State's motion.  However, the plaintiffs have neither responded to the State's motion in any fashion, nor sought an extension of time from the Court to file opposition, even though the deadline to do so lapsed several weeks ago.

**ANALYSIS**

## I.    Legal Standards

The Court is guided by the following standards in resolving the State's motion for judgment on the pleadings.

### A.    Rule 12(c)

Pursuant to Rule 12(c), the movant for judgment on the pleadings must establish: (1) that no material issue of fact remains to be resolved; and (2) the entitlement to judgment as a matter of law.  See Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008) (citing Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 290–91 (3d Cir. 1988)).  In resolving a motion made pursuant to Rule 12(c), the Court must view the facts in the pleadings and the inferences therefrom in the light most favorable to the non-movant.  See Rosenau, 539 F.3d at 221.

Furthermore, even though a motion for judgment on the pleadings is appropriate after the pleadings have been closed, such a motion is reviewed under the same standards that apply to a motion to dismiss made under Rule 12(b)(6).  See Szczurek v. Prof'l Mgmt. Inc., 627 Fed.Appx. 57, 60 (3d Cir. 2015) (citing Revell v. Port Auth. of N.Y. & N.J., 598 F.3d 128, 134 (3d Cir. 2010)).

### B.    Unopposed Motions For Judgment On The Pleadings

The deadline for the plaintiffs to oppose the State's motion for judgment on the pleadings has elapsed, and the plaintiffs have failed to file any opposition.  However, the

Court is nevertheless required to address a defendant's motion for judgment on the pleadings on the merits even if it is unopposed by a plaintiff. See Davis v. Camden Cnty. Bd. of Soc. Servs., No. 12-2481, 2014 WL 12607727, at *3 (D.N.J. Mar. 20, 2014) (citing Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991), and Anchorage Assocs. v. V.I. Bd. of Tax Review, 922 F.2d 168, 174 (3d Cir. 1990)); Obarski v. Associated Recovery Sys., No. 13-6041, 2014 WL 2119739, at *2 (D.N.J. May 20, 2014).

## II.    Discussion

The State argues in support of its motion for judgment on the pleadings that it cannot be held vicariously liable on a common law civil conspiracy claim that is based on the alleged willful misconduct of State employees. The State relies upon the New Jersey Tort Claims Act (hereinafter, "the NJTCA"), which bars the State from being held liable for the intentional wrongdoing of its employees. (See ECF No. 259-1 at 5–13.)

The State is correct. "The NJTCA governs claims against the State of New Jersey and its public entities and employees, and its terms apply to both negligent and intentional torts." Bullock v. Cabasa, No. 10-1412, 2013 WL 6253432, at *7 (D.N.J. Dec. 4, 2013). Furthermore, the definition of a public entity under the NJTCA "includes the State." N.J.S.A. 59:1-3.

The NJTCA expressly provides that "[a] public entity is not liable for the acts or omissions of a public employee constituting a crime, actual fraud, actual malice, or

willful misconduct." N.J.S.A. 59:2-10.

A common law civil conspiracy claim is considered to be a "claim[] for [an] intentional tort[]," and "the State of New Jersey may not be held liable for intentional torts." Ferrara v. Union Cnty. Probation, No. 16-9250, 2017 WL 1100567, at * 3 (D.N.J. Mar. 22, 2017) (dismissing, among other claims, a common law civil conspiracy claim that had been asserted against the State for the alleged willful misconduct of State employees).

Thus, under the NJTCA, "[t]he State [of New Jersey] ha[s] immunity for the intentional torts allegedly committed by [its] employees." Coursey v. City of Camden, No. 05-2820, 2008 WL 834383, at *5 (D.N.J. Mar. 27, 2008) (dismissing common law intentional tort claims that had been asserted against the State for the alleged willful misconduct of State troopers); see also Cruz v. N.J. Dep't of Corrs., No. 15-8813, 2016 WL 2653916, at *2 (D.N.J. May 9, 2016) (dismissing a common law intentional tort claim that had been asserted against the State for the alleged willful misconduct of a State correctional officer); Endl v. New Jersey, 5 F.Supp.3d 689, 698 (D.N.J. 2014) (dismissing several common law intentional tort claims that had been asserted against the State for the alleged willful misconduct of State correctional employees, because the State is "not liable under a vicarious liability theory for a public employee's willful misconduct" pursuant to the NJTCA. As a result, "the NJTCA . . . insulates the . . . State [of New Jersey] from liability for" the common law intentional torts allegedly committed by State employees. Russo v. Ryerson, No. 01-4458, 2006 WL 477006, at *33–34

(D.N.J. Feb. 28, 2006).

Therefore, the Court grants the State's motion for judgment on the pleadings.[1]

## III.    The Contents Of The Resulting Order

The attorneys for the State ask the Court to "dismiss" the common law civil conspiracy claim that the plaintiffs have asserted against it.  (See ECF No. 259-2 at 2.) However, in granting "a motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c), the [Court's] order should enter judgment in favor of [the movant] instead of dismissing [the non-movant's] claims."  Dukes v. Lancer Ins. Co., 390 Fed.Appx. 159, 163 (3d Cir. 2010) (footnote omitted).  Therefore, the Court's order will enter judgment in favor of the State on that claim.

## CONCLUSION

The motion by the defendant State of Jersey for judgment on the pleadings is granted.  The Court will issue an appropriate order.

JOSE L. LINARES
Chief Judge, United States District Court

**Dated:**  July _2074_, 2017

---

[1]        The attorneys for the State, in support of the motion for judgment on the pleadings, cited case law that addressed the potential liability of a municipality for the alleged intentional torts committed by municipal employees, as opposed to the potential liability of the State for the conduct of State employees.  (See ECF No. 259-1 at 10–13.) Those particular cases were not on point, and the Court disregarded them.